IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSS THOMAS BRANTLEY, III, #1851307, | § § | |
| PETITIONER, | § § | |
| v. | § § | CASE NO. 3:20-CV-68-G-BK |
| UNITED STATES OF AMERICA, RESPONDENT. | § § § | |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and Special Order 3, Petitioner Ross Thomas Brantley's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the undersigned United States magistrate judge for case management, including the issuance of findings and a recommended disposition. Upon review of the relevant pleadings and applicable law, the Section 2255 motion, construed as seeking relief under 28 U.S.C. § 2254, should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

I. BACKGROUND

In 2013, Brantley, a Texas state prisoner, was convicted of assault involving family violence, enhanced for use of a deadly weapon, and was sentenced to six years' imprisonment. *See State v. Brantley*, No. F13-00014-V (292nd Jud. Dist. Ct., Dallas Cty., Tex. 2013), *aff'd*, No. 05-13-00225-CR, 2014 WL 545514 (Tex. App. – Dallas Feb. 10, 2014, no pet.). Brantley unsuccessfully challenged his conviction in state and federal habeas proceedings. *Brantley v. Stephens*, No. 3:14-CV-2738-P-BN, 2015 WL 8467346 (N.D. Tex. Oct. 27, 2015), *R. & R. accepted*, 2015 WL 8320201 (N.D. Tex. Dec. 9, 2015). (N.D. Tex. 2015) (denying habeas

relief), *certificate of appealability denied*, No. 15-11296 (5th Cir. Mar. 3, 2017); *Brantley v. Davis*, No. 3:17-cv-00003-S-BT, 2018 WL 3432822 (N.D. Tex. June 4, 2018), *recommendation accepted*, 2018 WL 3428707 (N.D. Tex. July 16, 2018) (transferring successive habeas petition); *Brantley v. Tarrant Cty. Justice Center*, No. 3:18-CV-00810-L-BN, 2018 WL 3626356 (N.D. Tex. Apr. 4, 2018), *recommendation accepted*, 2018 WL 3618025 (N.D. Tex. 2018) (same).

Due to his repetitive filings, the Court of Criminal Appeals subsequently barred Brantley from filing "any future application pertaining to this conviction unless [he] is able to show in such an application that any claims presented have not been raised previously and that they could not have been presented in a previous application for a writ of habeas corpus." *See Ex parte Brantley*, WR-77,234-27, 2019 WL 4316708, at *1 (Tex. Crim. App. Sep. 11, 2019) (per curiam). Undeterred Brantley filed the petition *sub judice*, renewing his attack on his conviction for assault-- family violence. Doc. 3 at 2-3. He now seeks habeas relief under Section 2255 challenging his "expired sentence." Doc. 3 at 23 (acknowledging in cover letter that sentence has expired). Specifically, Brantley seeks to remove the deadly weapon finding and modify the charge to a lesser offense. Doc. 3 at 19, ¶ 21.

Having reviewed the pleadings, the Court now concludes that Brantley's claims are not cognizable under Section 2255 and, construed as seeking relief under 28 U.S.C. § 2254, the Court lacks jurisdiction to consider them. Thus, the petition should be dismissed.

**II. ANALYSIS**

At the outset, this Court evaluates the substance of Brantley's claims to determine if they are properly brought only under 28 U.S.C. § 2255. Upon review, the Court concludes that they are not and that the petition should be construed as seeking relief under 28 U.S.C. § 2254, which is reserved for habeas applications on "behalf of a person in custody pursuant to the judgment of

a State court." See *Carmona v. Andrews*, 357 F.3d 535, 537 (5th Cir. 2004) (concluding that section 2254 "confers jurisdiction upon the federal courts to hear collateral attacks on state court judgments" (citing *Wadsworth v. Johnson*, 235 F.3d 959, 961 (5th Cir. 2000)). "Section 2255 provides the primary means of 'collaterally attacking a federal sentence,'" *Padilla v. United States*, 416 F.3d 424, 425-26 (5th Cir. 2005) (per curiam) (quoted cases omitted), while section 2254 implements that authority with respect to a state sentence.

In addition, because Brantley concedes that his six-year sentence has expired, he is not currently in custody pursuant to the judgment of the state court in Cause No. F13-00014-V. Thus, this Court lacks jurisdiction to consider the construed habeas petition. See 28 U.S.C. § 2254(a) (federal courts have jurisdiction to consider a writ of habeas corpus "in behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States") (emphasis added); *Maleng v. Cook,* 490 U.S. 488, 490 (1989).

### III.  CONCLUSION

For the foregoing reasons, the construed petition for writ of habeas corpus under 28 U.S.C. § 2254 should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on February 21, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).